Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3305 | **DATE** | 11/9/2000 |
| **CASE TITLE** | PC Wholesale, Inc. vs. Aban Computers, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion [10] to dismiss Count III of complaint is denied. Enter Memorandum Opinion. Ruling date of 11/30/00 stricken. Scheduling conference/status hearing set for 11/30/00 at 10:00 a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV __ 2000 date docketed | |
| | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 NOV -9 PM 3: 23 | 11/9/2000 date mailed notice | |
| MD courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PC WHOLESALE, INC., an Illinois corporation,

　　　　Plaintiff,

vs.

ABAN COMPUTERS, INC., a Virginia corporation, and ROKNI MAKKINEJAD, a resident of Virginia,

　　　　Defendants.

Case No. 00 C 3305

NOV 1 3 2000

## MEMORANDUM OPINION

PC Wholesale, Inc. ("PCW") in this case is seeking recovery of approximately $300,000 allegedly due as a result of a contract with defendant ABAN Computers, Inc. ("ABAN") for the purchase of goods from PCW. The complaint alleges breach of the contract and the personal guaranty of defendant Rokni Makkinejad and a judgment for account stated. In addition, Count III, at issue on this motion, alleges conversion of certain checks allegedly issued for payment for the goods. ABAN and Makkinejad (collectively "ABAN") now move to dismiss the conversion count on the basis that PCW has failed to state a claim upon which relief can be granted.

For the purpose of this motion, the court accepts the well-pleaded allegations of the complaint as true and draws all reasonable inferences in plaintiff's favor. *E.g.*, *Dimmig* v. *Wahl*, 983 F.2d 86, 87 (1989). PCW, an Illinois corporation, sells computers and related equipment. ABAN, a Virginia corporation, purchased on credit from PCW, 2,200 Hewlett-Packard printers to fill an order made by the State of Virginia ("Virginia") to ABAN. One of the terms of the



contract between ABAN and PCW was that ABAN would obtain a "change order" from Virginia that would cause Virginia to pay PCW directly. The printers were delivered to ABAN in due course, and invoices totalling $807,525.11 were submitted to ABAN. Virginia sent four checks directly to PCW totalling $504,317.00. Virginia sent checks for the balance, however, to ABAN. ABAN deposited the checks into its own bank account and did not, in turn, pay PCW the balance due on the contract. Despite demands from PCW for turnover of the amount of money authorized by the Virginia checks, ABAN has intentionally and maliciously refused. PCW claims that by depositing the checks into its own accounts, ABAN converted PCW's property. PCW seeks damages in the amount due under the contract as well as punitive damages.

ABAN argues that the allegations do not state a claim for conversion under Virginia law, which it believes provides the rule of decision. Under Virginia law, ABAN argues, plaintiff must prove that defendant exercised control over plaintiff's personal property without the owner's consent. Because PCW has not alleged that Virginia made the checks payable to PCW, ABAN contends, PCW has not alleged ownership of the checks. PCW also notes that under UCC section 3-109(b), as adopted in Virginia, Va. Code. Ann. § 8.3A-109(b) (2000), an instrument payable to order requires the endorsement of the person to whose order the instrument is payable in order to render it negotiable. This rule, ABAN believes, makes it obvious that PCW was not the payee of the checks. Rather, plaintiff is improperly attempting to transform a simple contract claim into a claim for tortious conduct.

PCW responds that on a motion to dismiss the court may not infer that the checks were made payable to ABAN rather than PCW. PCW contends it is entitled to discovery to determine the identity of the payee, suggesting the possibility of forgery of endorsement. Further, PCW argues that Illinois law applies, and the allegations of the complaint meet the elements of

conversion in Illinois, relying on *Cirrincione v. Johnson*, 184 Ill. 2d 109, 703 N.E. 2d 67 (1998), in which the Illinois Supreme Court held that a party who kept proceeds of a personal injury settlement in derogation of a physician's lien had converted the physician's share of the settlement proceeds.

Without deciding the choice of law question or considering whether *Cirrincione* presents an analogous situation, the court concludes that even under defendants' interpretation of the law of conversion, the complaint withstands the motion to dismiss. If plaintiff can prove that PCW was a payee on the check and that an endorsement was forged, plaintiff can establish conversion. Without discovery, plaintiff is not in a position to learn the identity of the payee on Virginia's checks or whether, if PCW was a payee, the nature of the endorsement. Nevertheless, in light of Virginia's alleged agreement to make direct payment to PCW and the allegation that it did in fact make partial payment in that manner, a reasonable inference could be drawn that Virginia prepared checks for the balance due in a like manner. The court cannot conclude with confidence that plaintiff will not be able to prove any set of facts that would entitle it to relief. For this reason, the motion to dismiss is denied.

ENTER:

JOAN HUMPHREY LEFKOW
Judge, United States District Court

Dated: November 9, 2000